UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-cr-719 (JEB) |
| | : | |
| **SANDRA S. WEYER,** | : | |
| | : | |
| Defendant. | : | |

**MOTION IN LIMINE TO PRECLUDE ARGUMENTS AND
EVIDENCE ABOUT LAW ENFORCEMENT INACTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests that the Court issue an order precluding defendant Sandra Weyer from any of the following: (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by failing to act, law enforcement made the defendant's entry into the United States Capitol building or grounds, or their conduct therein, lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless defendant specifically observed or was otherwise aware of such conduct.

**I.    Factual Background and Procedural History**

On January 6, 2021, the U.S. Capitol grounds, normally open to the public, were restricted. The U.S. Capitol Police ("USCP") and the U.S. Secret Service ("USSS") coordinated to establish a restricted perimeter around the Capitol building that encompassed a portion of the Capitol grounds. No member of the public, including the defendant, was permitted to enter the restricted area. Uniformed police officers were posted on the eastern front of the Capitol grounds behind bicycle racks and charged with maintaining the security perimeter. Despite the physical barriers and police presence, defendant Weyer and others pushed past these blockades and made their way

toward the doors on the eastern front of the Capitol building. Defendant Weyer chronicled her movements on her Facebook live feed. Defendant Weyer bulldozed the barriers and the police officers, while recording herself walking toward the Capitol stating, "Storming the Capitol, broke down the barriers."

Other rioters made their way toward the Capitol building, breaching the East Rotunda Doors, and flooding into the building. At approximately 2:28 p.m., USCP managed to close the East Rotunda Doors. Uniformed officers standing outside the doors pushed back a massive crowd assembled directly in front of the doors. Meanwhile, uniformed officers inside the building, during this reprieve, placed physical barriers – multiple iron benches – in front of the doors to keep the rioters out of the Capitol. A few minutes later, rioters from inside the Capitol building moved the iron benches and attempted to open the door. Initially the rioters were unsuccessful, and officers managed to keep the doors closed. However, at 2:38 p.m. the rioters managed to get the doors opened and a flood of additional rioters entered the Capitol building pushing past uniformed officers posted on the interior and exterior of the doors. Among those who entered was defendant Weyer. At 2:41 p.m., Weyer pushed past the officers, who were severely outnumbered, and entered the U.S. Capitol. As Weyer crossed the threshold to the U.S. Capitol, she continued to document herself on her Facebook live feed. Once inside the Capitol, Weyer stated "It's awesome. We did it."

## II. This Court Should Preclude the Defendant from Arguing Entrapment by Estoppel

Defendant Weyer should be prohibited from making arguments or attempting to introduce evidence that law enforcement gave them permission to enter the U.S. Capitol. As the D.C. Circuit noted:

> To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation.

*United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (*quoting United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In *Chrestman*, former Chief Judge Howell rejected an entrapment by estoppel argument raised by a January 6th defendant charged with, *inter alia*, violations of 18 U.S.C. § 1512(c)(2); 18 U.S.C. §§ 1752(a)(1)and (2), and 40 U.S.C. §§ 5104(e)(2)(D) and (G).  The entrapment by estoppel argument was slightly different in *Chrestman*.  There, the defendant argued that former President Trump gave him permission to enter the Capitol building.  Even so, the Court's analysis of the entrapment by estoppel defense applies equally here to an argument that a member of law enforcement gave permission to the defendants to enter the Capitol building. As the court noted, Supreme Court precedent "unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute 'a waiver of law' beyond his or her lawful authority." *Chrestman*, 525 F. Supp. 3d at 32 (*quoting Cox v. Louisiana*, 379 U.S. 559, 569 (1965)).

Just as "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters," no member of law enforcement could use his authority to allow individuals to enter the Capitol building during a violent riot, and after "obvious police barricades, police lines, and police orders restricting entry at the Capitol" had already been put in place by the United States Capitol Police and the Secret Service.  *Id*. at 32. Judge Howell later concluded in a different case that "the logic in *Chrestman* that a U.S. President

3

cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." Memorandum and Order, *United States v. Williams*, No. 21-cr-377-BAH, ECF No. 87, *2 (D.D.C. June 8, 2022).

Even if defendant Weyer could establish that a member of law enforcement told her that it was lawful to enter the Capitol building or allowed her to do so, her reliance on any such statement would not be reasonable in light of the "obvious police barricades, police lines, and police orders restricting entry at the Capitol." *Chrestman*, 525 F. Supp. 3d at 32. Moreover, the defendant's actions belie any argument that she relied on any such statement by law enforcement when she decided to unlawfully enter the Capitol grounds and building. Defendant Weyer, alongside other rioters, pushed past barriers and then through a narrow doorway, in the face of uniform police officers. She did this while making, on her Facebook live feed, numerous statements describing her actions, such as: "Storming the capital" and "We did it." Therefore, the defendant should be precluded from presenting any evidence or arguing in support of the entrapment by estoppel theory. Further, the court should not instruct the jury as to this defense.

**III.    This Court Should Preclude the Defendant From Arguing That Alleged Inaction By Law Enforcement Officers Made Their Conduct On January 6, 2021, Legal**

In addition to prohibiting any defense argument that law enforcement actively communicated to defendant Weyer that entering the Capitol building or grounds was lawful, the Court should also bar the defendant from arguing that any failure to act by law enforcement rendered their conduct legal. The same reasoning that applied in *Chrestman* applies here. That is, like the president, a Metropolitan Police Officer or Capitol Police Officer cannot "unilaterally

abrogate criminal laws duly enacted by Congress" through his or her purported inaction. *Chrestman*, 525 F. Supp. 3d at 33.  An officer cannot shield an individual from liability for an illegal act by failing to enforce the law or ratify unlawful conduct by failing to prevent it.  *See Williams*, No. 21-cr-377-BAH, at *3 ("Settled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct.") (citing *Cox v. Louisiana*, 379 U.S. 559, 569-70 (1965); *Garcia v. Does*, 779 F.3d 84, 95 (2d Cir. 2015) (en banc); *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1168-69 (10th Cir. 1999)).  Under the same reasoning, the defendant should be prohibited from arguing that her conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

## IV.     This Court Should Preclude the Defendant From Arguing Or Presenting Evidence Of Alleged Permissiveness By Law Enforcement Officers Unless They Specifically Observed Or Was Otherwise Aware Of Such Conduct

The conduct of law enforcement officers may be relevant to the defendant's state of mind on January 6, 2021.  However, unless the defendant shows that, at the relevant time, she specifically observed or was otherwise aware of some alleged permissiveness by law enforcement, such evidence is irrelevant to the defendant's intent.  Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable . . . and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Here, if the defendant was not aware of law enforcement's alleged permissiveness at the time of her entry onto restricted grounds or into the Capitol building, any alleged permissiveness would have no bearing on the defendant's state of mind and therefore would not meet the threshold for relevance.  *See Williams*, No. 21-cr-377-BAH, at *3-4.  The Court should therefore exclude testimony and evidence of any alleged permissiveness by the police as irrelevant, except to the extent the defendant shows that she

specifically observed or were aware of the alleged permissiveness by the police when they committed the offenses charged in the information.

## CONCLUSION

For the reasons set forth herein, the government respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendant's actions lawful, and any evidence or argument relating to alleged permissiveness by law enforcement except to the extent that the defendant specifically observed or was otherwise aware of such conduct at the relevant time.

April 21, 2023                                      Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            UNITED STATES ATTORNEY
                                            D.C. Bar Number 481052

By:    *s/ Sarah C. Santiago*
        SARAH C. SANTIAGO
        Assistant United States Attorney
        G.A. Bar No. 724304
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-7249
        sarah.santiago2@usdoj.gov

        VICTORIA A. SHEETS
        Assistant United States Attorney
        NY Bar No. 5548623
        601 D Street NW
        District of Columbia, DC 20530
        (202) 252-7566
        victoria.sheets@usdoj.gov