# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| : | Case No: 22-cr-00040(JEB) |
| v. : | |
| : | |
| **SANDRA S. WEYER** : | |
| : | |
| **Defendant.** : | |

## JOINT NOTICE ON THE ELEMENTS OF EACH CHARGED OFFENSE

Pursuant to the Court's Minute Order dated May 12, 2023, the parties hereby provide a joint notice setting forth the elements for each charged offense. For ease of reference, the parties have also provided the basis for the proposed elements and/or definitions within the elements. The parties have agreed on elements for four of the five offenses; however, the parties are unable to agree on the elements of 18 U.S.C. § 1512 and 18 U.S.C. § 2. For those offenses, each party included separate proposed language. The parties believe the following offenses and/or instruction are applicable to this case:

1. Count One, Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. § 1512(c)(2) and (2) – see government and defendant Weyer's separate proposals below;

2. Count Two, Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1) – see joint proposal below;

3. Count Three, Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2) – see joint proposal below;

4. Count Four, Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D) – see joint proposal below;

5. Count Five, Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G) – see joint proposal below;

6. Aiding and Abetting, Pattern Criminal Jury instructions for the District of Columbia ("Redbook"), 3.200;

7. Attempt, Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01; and

8. Proof of State of Mind, Redbook 3.101.

## GOVERNMENT'S PROPOSED LANGUAGE

## COUNT ONE - OBSTRUCTION OF AN OFFICIAL PROCEEDING AND AIDING AND ABETTING, 18 U.S.C. §1512(C)(2), AND (2)

**NOTE:**   This is the preferred instruction by the government and has been used in or derived from multiple jury trials, including, but not limited to: *United States v. Sara Carpenter*, 21-cr-305-JEB (ECF No. 95); *United States v. Thomas Robertson*, 21-cr-34-CRC (ECF No. 86); *United States v. Dustin Thompson*, 21-cr-161-RBW (ECF No. 83); *United States v. Anthony Williams*, 21-cr-377-BAH (ECF No. 112); *United States v. Alexander Sheppard*, 21-cr-203-JDB (final instructions not available on ECF); *United States v. Leo Christopher Kelly,* 21-cr-708-RCL (ECF No. 101).

Count One charges the defendant with corruptly obstructing an official proceeding.   Count One also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.

**Elements**

The Government must prove beyond a reasonable doubt that:

1.  Ms. Weyer attempted to or did obstruct or impede an official proceeding;

2.  Ms. Weyer intended to obstruct or impede the official proceeding;

3.  Ms. Weyer acted knowingly, with awareness that the natural and probable effect of her conduct would be to obstruct or impede the official proceeding; and

4.  Ms. Weyer acted corruptly.

**Definitions**

The term "official proceeding" includes a proceeding before Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. For purposes of this count, the term "official proceeding" means Congress' Joint Session to certify the Electoral College vote. [1]

---

[1] In *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023), the D.C. Circuit held "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2). *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress"); § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense"). For the nexus requirement (that the official proceeding need be reasonably foreseeable), see

3

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether Ms. Weyer acted knowingly, you may consider all of the evidence, including what she did, said, or perceived.[2]

To act "corruptly," the defendant must use unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but she does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently

---

*United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995). For other January 6 trials that have used this instruction, see, *e.g.*, *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-26), *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 12), *United States v. Thompson*, No. 21-cr-161 (RBW) (ECF No. 832 at 26), and *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7).

[2] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 9) (same).

unlawful conduct, does act corruptly.[3]  Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.[4]

While the defendant must act with intent to obstruct the official proceeding, this need not be her sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for her conduct. However, the fact that the defendant's mere presence may have had the unintended effect of obstructing or impeding a proceeding does not establish that the defendant acted with the intent to obstruct or impede that proceeding.[5]

**Attempt**

In Count One, the defendant is also charged with attempt to commit the crime of obstructing an official proceeding.   This offense is a crime even if the defendant did not actually complete the crime.

In order to find Ms. Weyer guilty of attempting to obstruct an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

1. Ms. Weyer intended to commit the crime of obstructing an official proceeding, as defined above; and

---

[3] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022).   For other January 6 trials that have used similar instructions, see, *e.g.*, *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7), and *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-29); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

[4] This last line, which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32), and *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

[5] For other January 6 trials that have used similar instructions, see, *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

2. Ms. Weyer took a substantial step toward committing the crime of obstructing an official proceeding.

With respect to the first element of attempt, you may not find the defendant guilty merely because she thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty merely because she made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish her intent to commit the crime. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Aiding and Abetting**

A person may be guilty of an offense because she personally committed the offense herself or because she aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. In this case, the government alleges that Ms. Weyer aided and abetted others in committing the offense of obstructing an official proceeding.

To find Ms. Weyer guilty as an aider and abettor, you must find that the government proved beyond a reasonable doubt each of the following four requirements:

1. Others committed the offense of obstruction of an official proceeding, as described above.

2. Ms. Weyer knew that the offense charged was going to be or was being committed by others.

3. Ms. Weyer knowingly did some act for the purpose of aiding, assisting, facilitating, or encouraging others in committing the specific offense charged with the intent that others commit that specific offense.

4. Ms. Weyer performed an act in furtherance of the offense charged.

In deciding whether Ms. Weyer had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including her words and actions and other facts and circumstances. However, evidence that Ms. Weyer merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find her guilty as an aider and abettor. If the evidence shows that Ms. Weyer knew the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that she had the intent and purpose to aid, assist, encourage, facilitate or otherwise associate herself

with the offense, you may not find her guilty of the offense as an aider and abettor. The government must prove beyond a reasonable doubt that Ms. Weyer in some way participated in the offense committed by others as something she wished to bring about and make succeed.

**DEFENDANT WEYER'S PROPOSED LANGUAGE**

**COUNT ONE - OBSTRUCTION OF AN OFFICIAL PROCEEDING AND AIDING AND ABETTING, 18 U.S.C. §1512(C)(2), AND (2)**

Count One charges the defendant with corruptly obstructing an official proceeding. Count One also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.

**Elements**

The Government must prove beyond a reasonable doubt that:

1. Ms. Weyer attempted to or did obstruct or impede an official proceeding;

2. Ms. Weyer intended to obstruct or impede the official proceeding;

3. Ms. Weyer acted knowingly, with awareness that the natural and probable effect of her conduct would be to obstruct or impede the official proceeding; and

4. Ms. Weyer acted corruptly.

**Definitions**

The term "official proceeding" includes a proceeding before Congress.[6]

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether Ms. Weyer acted knowingly, you may consider all of the evidence, including what she did, said, or perceived.[7]

The government must also prove beyond a reasonable doubt a "nexus" between the defendant's obstructive act and the official proceeding. *See United States v. Aguilar*, 515 U.S. 593 (1995); *United States v. Young*, 916 F.3d 368 (4th Cir. 2019). On this element, the

---

[6] Weyer: All the proceedings enumerated in 18 U.S.C. § 1515(a)(1) entail the administration of justice or a quasi-adjudicative function. Congress's Joint Session to certify electoral votes does not fit in those categories. This is another way of framing the point made in the dissenting opinion in *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023) (Katsas, J., dissenting).

[7] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 9) (same).

government must prove that the defendant understood the nature of the specific official proceeding charged in this case; here, Congress's certification of the Electoral College vote. *E.g.*, *United States v. Black*, 21-cr-127-ABJ (D.D.C. 2021), Verdict Tr. at 28. It is insufficient for the government to prove only that the defendant had in mind "simply some business of the government, some business of the Congress, or the results of the election in general." *Id.* at 29.

To prove the defendant acted "corruptly" beyond a reasonable doubt, the government must establish that she acted with "the intent to procure a benefit which [she] *knows* is unlawful." *United States v. Fischer*, 64 F.4th 329, 352 (D.C. Cir. 2023) (Walker, J., concurring in part) (emphasis original); *see also United States v. Worrell*, 21-cr-292-RCL (D.D.C. 2021), Oral Verdict, ECF No. 245 (applying in January 6 case the definition of "corruptly" outlined in Judge Walker's *Fischer* concurrence).

At the conclusion of its "corruptly" definition, the government adds, "*Often*, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person" (emphasis added). But a given fact is either an element of an offense or it is not. Courts do not measure out charging elements against the risk that an appellate court will later deem them necessary, in which event the government may then argue "harmless error" given that the defendant got a half-element ("often, acting corruptly involves . . .").

**Attempt**

In Count One, the defendant is also charged with attempt to commit the crime of obstructing an official proceeding. This offense is a crime even if the defendant did not actually complete the crime.

In order to find Ms. Weyer guilty of attempting to obstruct an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

1. Ms. Weyer intended to commit the crime of obstructing an official proceeding, as defined above; and

2. Ms. Weyer took a substantial step toward committing the crime of obstructing an official proceeding.

With respect to the first element of attempt, you may not find the defendant guilty merely because she thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty merely because she made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish her intent to commit the crime. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Aiding and Abetting**

A person may be guilty of an offense because she personally committed the offense herself or because she aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. In this case, the government alleges that Ms. Weyer aided and abetted others in committing the offense of obstructing an official proceeding.

To find Ms. Weyer guilty as an aider and abettor, you must find that the government proved beyond a reasonable doubt each of the following four requirements:

1. A specifically identified person or persons committed the offense of obstruction of an official proceeding, as described above.

2. Ms. Weyer knew that the offense charged was going to be or was being committed by that person or persons.

3. Ms. Weyer knowingly did some act for the purpose of aiding, assisting, facilitating, or encouraging that person or persons in committing the specific offense charged with the intent that they commit that specific offense.

4. Ms. Weyer performed an act in furtherance of the offense charged.

In deciding whether Ms. Weyer had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including her words and actions and other facts and circumstances. However, evidence that Ms. Weyer merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find her guilty as an aider and abettor. If the evidence shows that Ms. Weyer knew the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that she had the intent and purpose to aid, assist, encourage, facilitate or otherwise associate herself with the offense, you may not find her guilty of the offense as an aider and abettor. The government must prove beyond a reasonable doubt that Ms. Weyer in some way participated in the offense committed by others as something she wished to bring about and make succeed.

## COUNT TWO – ENTERING AND REMAINING IN A RESTRICTED BUILDING OR GROUNDS, 18 U.S.C. §1752(a)(1)

Count Two charges Ms. Weyer with entering and remaining in a restricted building or grounds.

**Elements**

The Government must prove beyond a reasonable doubt that:

1. Ms. Weyer entered or remained in a restricted building or grounds without lawful authority to do so; and

2. She did so knowingly.

**Definitions**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting. The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning as described in the instruction for Count One.

# COUNT THREE – DISORDERLY CONDUCT IN A RESTRICTED BUILDING OR GROUNDS, 18 U.S.C. § 1752(a)(2)

Count Three charges Ms. Weyer with disorderly or disruptive conduct in a restricted building or grounds.

**Elements**

The Government must prove beyond a reasonable doubt that:

1. Ms. Weyer engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2. She did so knowingly and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3. Her conduct occurred when, or so that, her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

**Definitions**

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[8]

The term "restricted building" has the same meaning provided in Count Two. The term "knowingly" has the same meaning provided in Count One.

---

[8] Redbook 6.643, Unlawful Conduct on Capitol Grounds.

**COUNT FOUR – DISORDERLY CONDUCT IN A CAPITOL BUILDING , 40 U.S.C. § 5104(e)(2)(D)**

Count Four charges the defendant with disorderly and disruptive conduct in a Capitol building.

**Elements**

The Government must prove beyond a reasonable doubt that:

1. Ms. Weyer engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings;

2. She did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and

3. She acted willfully and knowingly.

**Definitions**

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Three defining "disorderly conduct" and "disruptive conduct."

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "House of Congress" means the United States Senate or the United States House of Representatives.   For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the action of the Congress' Joint Session to certify the Electoral College vote.[9]

A person acts "willfully" if she acts with intent to do something that the law forbids, that is, to disobey or disregard the law.   "Willfully" does not, however, require proof that Ms. Weyer was aware of the specific law or rule her conduct may be violating.[10]   The term "knowingly" has the same meaning given in Count One.

---

[9] *See United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 17).
[10] *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

## COUNT FIVE – PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING, 40 U.S.C. § 5104(e)(2)(G)

Count Five charges Ms. Weyer with parading, demonstrating, or picketing in a Capitol building.

**Elements**

The Government must prove beyond a reasonable doubt that:

1. Ms. Weyer paraded, demonstrated, or picketed in any of the United States Capitol Buildings; and

2. She acted willfully and knowingly.

**Definitions**

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[11]

The term "Capitol Buildings" has the same meaning as described in the instructions for Count Four.

The terms "knowingly" and "willfully" have the same meanings as previously described in Counts One and Four, respectively.

---

[11] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *see also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

## **PROOF OF STATE OF MIND, Redbook Instruction 3.101**

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer the person's intent from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate her intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts she intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.