UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Case No: 22-cr-00040(JEB) |
| v. | : | |
| | : | |
| SANDRA S. WEYER | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S PROPOSED JURY INSTRUCTION FOR 18 U.S.C. 1512(C)(2) AND (2)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum of law in support of the United States proposed elements for the charge of Obstruction of an Official Proceeding. 18 U.S.C. §§ 1512(c)(2) and 2. The holding in *United States v. Fischer*, is limited to the *actus reus* requirement of Section 1512(c)(2). Accordingly, this Court is not bound by the concurring opinion's definition of the *mens rea* requirement in Section 1512(c). The United States relies on the following points and authorities and any other points and authorities as may be cited at a hearing on the elements.

In *U.S. v. Fischer*, the D.C. Circuit addressed a pretrial ruling that Section 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.'" 64 F.4th 329, 334 (D.C. Cir. 2023). The question presented in *Fischer* concerned Section 1512(c)(2)'s *actus reus* requirement. The court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id*. at 336. This portion of the opinion was authored by Judge Pan and joined by Judge Walker and thus constitutes *Fischer*'s binding holding.

The court did not decide the definition of the *mens rea* requirement of Section 1512(c) and the lead opinion authored by Judge Pan noted that the parties addressed "corruptly" "only peripherally" in their respective briefs. *Id*. at 340. With respect to defining "corruptly" in Section 1512(c)(2), the court did in *Fischer* did not have the "benefits of the normal litigation process," *id.* which in turns rights an "improvident or ill-advised" ruling on an issue not squarely presented. *United States v. West*, 392 F.3d 450, 459 (D.C. 2004). Notably, neither the lead or the dissenting opinions in *Fischer* endorsed the concurrence's definition of "corruptly" nor was there a "conflict between the dissent and [the lead opinion] regarding the sufficiency of the allegation against the [defendant] in [that] case to establish the requisite *mens rea*. *Fischer* at 341.

Relatedly, treating the concurrence's "corruptly" definition in *Fischer* as a binding holding is in tension with the party-presentation principle, under which courts "rely on the parties to frame issues for decisions and assign courts the role of neutral arbiter of matters the parties present. *Sineneng-Smith v. United States*, 140 S. Ct. 1575, 1579 (2020) (citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). The concurrence's suggestion that the parties adequately presented the interpretation of "corruptly" is mistaken. *Fischer* at 352 n.1. The concurrence observed that the defendants had "raised the issue below," *id*., without acknowledging that the district court never adjudicated the vagueness challenge or defined "corruptly." And although the concurrence relied on "lengthy discussions by several district judges in similar cases," *id*., those judges also declined to offer definitive interpretations of "corruptly" in those rulings. *See, e.g., United States v. Montgomery* 578 F.Supp. 3d 54, 84 n.5 (D.D.C. 2021) ("[B]ecause the Court has yet to hear from the parties on the proper jury instructions, the Court will leave for another day the questions whether this formulation [of corruptly] – or a slightly different formulation – will best guide the jury.")." In short, the concurrence's interpretation of "corruptly" did not result from the "crucible

of litigation," *Fischer* at 340, and thus should not be treated as authoritative. See Government's Attachment A, Supplemental Brief in *United States v. Robertson*.

Thus, the definition of "corruptly" remains the same as this Court has already recognized: to violate Section 1512(c), a defendant must act "corruptly" – requiring the government to prove that a defendant had the requisite intent and a consciousness of wrongdoing. *See United States v. Sara Carpenter*, 21-cr-305-JEB (ECF No.95).[1] Indeed, upon information and belief, every court involved in the January 6 litigation, aside from Judge Nichols, has promulgated jury instructions that has adopted some form of this language, often adding that the defendant must us unlawful means or act with an unlawful purpose. *See, e.g., United States v. Leo Christopher Kelly,* 21-cr-708-RCL (ECH No. 101); *United States v. Thomas Robertson*, 21-cr-34-CRC (ECF No.86); *United States v. Dustin Thompson*, 21-cr-161-RBW (ECF No. 83); *United States v. Anthony Williams*, 21-cr-377-BAH (ECF No.112); *United States v. Alexander Sheppard*, 21-cr-203-JDB (final instructions not available on ECF; *United States v. Elmer Rhodes, et al,* 22-cr-15-APM (ECF No. 396); *United States v. Doug Jenson*, 21-cr-6-TJK (ECF No. 97).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     /s/ *Sarah C. Santiago*
Sarah C. Santiago, GA Bar 724304
Victoria A. Sheets, NY Bar 5548623
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7249
sarah.santiago2@usdoj.gov
(202) 252-7566
victoria.sheets@usdoj.gov

---

[1] Since *Fischer* the government added the adverb "independently" to the clause "unlawful means" to avoid circular logic for the unlawful conduct.

3