ORAL ARGUMENT SCHEDULED FOR MAY 11, 2023

No. 22-3062

# In the United States Court of Appeals for the District of Columbia Circuit

———————

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*

v.

THOMAS ROBERTSON,
*Defendant-Appellant*

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
D. CT. NO. 1:21-CR-34 (COOPER, J.)

———————

APPELLEE'S SUPPLEMENTAL BRIEF FOR THE UNITED STATES

———————

MATTHEW M. GRAVES
   United States Attorney
   District of Columbia

DENISE CHEUNG
CHRISELLEN R. KOLB
   Assistant U.S. Attorneys

KENNETH A. POLITE
   Assistant Attorney General

LISA H. MILLER
   Deputy Assistant Attorney
   General

JAMES I. PEARCE
   Special Assistant U.S. Attorney
   601 D Street, NW
   Washington, DC 20530
   (202) 532-4991
   James.Pearce@usdoj.gov

# GLOSSARY OF ABBREVIATIONS

Br.        Appellant's Opening Brief

Gov. Br.   Government's Answering Brief

SA         Government's Supplemental Appendix

i

TABLE OF CONTENTS

INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 1

ARGUMENT ................................................................................................ 2

    This Court's decision in *Fischer* does not authoritatively construe "corruptly" in 18 U.S.C. § 1512(c)(2). ........................ 2

    I.    *Fischer* did not decide how to interpret "corruptly" in Section 1512(c)(2). .............................................................. 2

    II.   Even if the *Marks* rule applied, it would not counsel in favor of defining "corruptly" using the definition provided by the concurrence in *Fischer*. ................................ 7

CONCLUSION ........................................................................................... 13

## TABLE OF AUTHORIES*

*Arizona v. Gant*, 556 U.S. 332 (2009) ....................................................................... 8

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) ......................... 8

*Binderup v. U.S. Att'y Gen.*, 836 F.3d 336 (3d Cir. 2016) ......................... 9

*Greenlaw v. United States*, 554 U.S. 237 (2008) ....................................... 6

\* *King v. Palmer*, 950 F.2d 771 (D.C. Cir. 1991) .................... 1, 9, 10, 11, 12

*National Mut. Ins. Co. v. Tidewater Transfer Co.*, 337 U.S. 582 (1949) ........................................................................................................ 9

*Sineneng-Smith v. United States*, 140 S. Ct. 1575 (2020) ....................... 6

*U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) .................................. 8

*United States v. Duvall*, 740 F.3d 604 (D.C. Cir. 2013) ............. 11, 12, 13

\* *United States v. Fischer*, No. 22-3038, __ F.4th __, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023) .......................... 1, 4, 5, 6, 7, 8, 9, 10, 11

*United States v. Hale-Cusanelli*, No. 21-cr-37, ECF No. 84 at 24, 27 (D.D.C. May 27, 2022) .............................................................................. 7

*United States v. Marks*, 430 U.S. 188 (1977) ....................................... 1, 7

*United States v. Miller*, 589 F. Supp. 3d 60 (D.D.C. 2022) ...................... 5

*United States v. Miller*, 605 F. Supp. 3d 63 (D.D.C. 2022) ...................... 5

*United States v. Montgomery*, 578 F. Supp. 3d 54 (D.D.C. 2021) ........... 6

---

\*    Authorities upon which we chiefly rely are marked with asterisks.

*United States v. Reffitt*, No. 21-cr-32, ECF No. 119
   (D.D.C. Mar. 7, 2022) .................................................................................... 7

*United States v. West*, 392 F.3d 450 (D.C. Cir. 2004) ............................. 5

*United States v. Williamson*, 903 F.3d 124 (D.C. Cir. 2018) .................. 12

## OTHER AUTHORITIES

18 U.S.C. § 1512(c)(2) ........................................ 1, 2, 3, 4, 5, 8, 9, 10, 11, 13

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Thomas Robertson has appealed his conviction under 18 U.S.C. § 1512(c)(2), which makes it unlawful to "corruptly . . . obstruct[], influence[], or impede[] any official proceeding," principally on the ground that he did not act "corruptly" as that term is understood in Section 1512(c)(2). Br.12-21. In *United States v. Fischer*, No. 22-3038, __ F.4th __, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023), this Court reversed a district court's pretrial ruling that Section 1512(c)(2) "does not apply to assaultive conduct, committed in furtherance of an attempt to stop Congress from performing a constitutionally required duty." *Id.* at *1. *Fischer* does not supply a binding interpretation of "corruptly" in Section 1512(c)(2) for two reasons. First, how to interpret "corruptly" was neither squarely presented nor authoritatively resolved in *Fischer*. Second, even if this Court were to apply the rule announced in *United States v. Marks*, 430 U.S. 188, 193 (1977), and clarified in *King v. Palmer*, 950 F.2d 771, 781 (D.C. Cir. 1991) (en banc), to the various opinions in *Fischer*, no interpretation of "corruptly" emerged as a "common denominator of the Court's reasoning." *King*, 950 F.2d at 781.

ARGUMENT

**This Court's decision in *Fischer* does not authoritatively construe "corruptly" in 18 U.S.C. § 1512(c)(2).**

The Court in *Fischer* did not pronounce an authoritative holding on the meaning of "corruptly" in Section 1512(c)(2). The district court's dismissal of the Section 1512 count in those cases (consolidated on appeal) was based on its view that the *actus reus* of the offense requires a nexus to documents, not any concern about the statute's *mens rea* element; accordingly, the definition of "corruptly" was not extensively briefed by the parties or squarely presented to this Court on appeal, and the Court therefore had no cause to resolve the issue. Furthermore, the sole concurring opinion in *Fischer* that sought to define "corruptly" did not command sufficient support to render that definition a holding of the Court.

I. *Fischer* did not decide how to interpret "corruptly" in Section 1512(c)(2).

The panel in *Fischer* produced three opinions. In the portions of the lead opinion (Pan, J.) joined in full by the concurring judge (Walker, J.), *Fischer* relied on Section 1512(c)(2)'s text and structure as well as case law interpreting the statute, *see id.* at *4-*6, to conclude that Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . .

2

efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at *3. In a section of the lead opinion that Judge Walker did not join, Judge Pan reasoned that "[t]he requirement of 'corrupt' intent prevents [Section] 1512(c)(2) from sweeping up a great deal of conduct that has nothing to do with obstruction," but refrained from defining "the exact contours of 'corrupt' intent" because "the task of defining 'corruptly'" was not before the Court. *Id.* at *7 (opinion of Pan, J.). Judge Walker, believing that defining "corruptly" was necessary to "make sense" of [Section 1512](c)(2)'s act element," wrote a concurring opinion in which he proposed defining the term to mean to "act with an intent to procure an unlawful benefit either for oneself or for some other person." *Id.* at 17 (Walker, J., concurring) (citation omitted). The dissenting opinion (Katsas, J.) criticized the concurrence's definition of "corruptly" because it "required transplanting" into Section 1512(c)(2) an interpretation "that appears to have been used so far only in tax law," but did not endorse any other definition of the term. *Id.* at *43 (Katsas, J., dissenting).

As explained in both the lead and dissenting opinions in *Fischer*, the definition of "corruptly" was not squarely presented in that case and

3

therefore was not resolved. *See id.* at *7 (opinion of Pan, J.) ("expressing [no] preference for any particular definition of 'corruptly'" because "the allegations against appellees appear to be sufficient to meet any proposed definition of 'corrupt' intent"); *id.* at *8 (noting that the dissent also "declines to settle on a precise meaning of 'corruptly' at this time" and thus "share[s] much common ground" with the lead opinion "on the issue of *mens rea*"); *id.* at *42-*43 (Katsas, J., dissenting) (surveying possible definitions of "corruptly" but declining to adopt any particular one). Although the concurrence would have determined that "corruptly" means "a criminal intent to procure an unlawful benefit," *id.* at *22 (Walker, J., concurring), the resolution of that *mens rea* issue was not necessary to the court's holding concerning the *actus reus* of the offense—which Judge Walker joined by concurring in all but a section and a footnote in the lead opinion and concurring in the judgment—and his views on the meaning of "corruptly" were not adopted by the other judges on the panel.

Reading *Fischer* to have left unresolved the definition of "corruptly" in Section 1512(c)(2) is consistent with how the case was litigated. Although the defendant argued below that Section 1512(c)(2)'s *mens rea* requirement was unconstitutionally vague, *see United States v. Miller*,

4

589 F. Supp. 3d 60, 65 (D.D.C. 2022), the district court did not address that argument and specifically declined to interpret "corruptly" when adjudicating the government's reconsideration motion, see *United States v. Miller*, 605 F. Supp. 3d 63, 70 n.3 (D.D.C. 2022). The question presented in *Fischer* concerned Section 1512(c)(2)'s *actus reus* requirement, see Brief for the United States, *United States v. Fischer*, No. 22-3038, at 2-3 (whether Section 1512(c)(2) covers the defendants' "alleged conduct"), and the government's opening 68-page brief devoted only three pages to addressing "corruptly" when discussing limitations on the statute's reach. See *Fischer*, 2023 WL 2817988, at *8 (opinion of Pan, J.) (noting that the parties addressed "corruptly" "only peripherally" in the briefs). With respect to defining "corruptly" in Section 1512(c)(2), the Court in *Fischer* did not have the "benefits of the normal litigation process," *id.*, which in turn risks an "improvident or ill-advised" ruling on an issue not squarely presented, *United States v. West*, 392 F.3d 450, 459 (D.C. Cir. 2004).

Relatedly, treating the concurrence's "corruptly" definition in *Fischer* as a binding holding is in tension with the party-presentation principle, under which courts "rely on the parties to frame issues for

5

decision and assign courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith v. United States*, 140 S. Ct. 1575, 1579 (2020) (citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). The concurrence's suggestion, *Fischer*, 2023 WL 2817988, at *17 n.1 (Walker, J. concurring), that the parties adequately presented the interpretation of "corruptly" is mistaken. The concurrence observed that the defendants had "raised the issue below," *id.*, without acknowledging that the district court never adjudicated the vagueness challenge or defined "corruptly." And although the concurrence relied on "lengthy discussions by several district judges in similar cases," *id.*, those judges also declined to offer definitive interpretations of "corruptly" in those rulings. *See, e.g.*, *United States v. Montgomery*, 578 F. Supp. 3d 54, 84 n.5 (D.D.C. 2021) ("[B]ecause the Court has yet to hear from the parties on the proper jury instructions, the Court will leave for another day the question whether this formulation [of corruptly]—or a slightly different formulation—will best guide the jury.").* In short, the concurrence's interpretation of

---

* Additionally, no district court judge appears to have instructed a jury using the concurrence's "corruptly" interpretation. *See, e.g.*, SA 203; *United States v. Reffitt*, No. 21-cr-32, ECF No. 119 at 25-26 (D.D.C. Mar.

6

"corruptly" did not result from the "crucible of litigation," *Fischer*, 2023 WL 2817988, at *8 (opinion of Pan, J.), and thus should not be treated as authoritative.

II. **Even if the *Marks* rule applied, it would not counsel in favor of defining "corruptly" using the definition provided by the concurrence in *Fischer*.**

There is no reason for this Court to turn to *United States v. Marks*, 430 U.S. 188 (1977), for guidance on how to interpret *Fischer*'s holding. In *Marks*, the Supreme Court held that, "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds[.]'" 430 U.S. at 193 (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (plurality op.)). *Marks* is inapposite for several reasons.

*First*, there *is* a "single rationale explaining the result" in *Fischer* that a majority of the Court adopted: all but Section I.C.1 (declining to interpret "corruptly") and footnote 8 of the lead opinion. That opinion

---

7, 2022); *United States v. Hale-Cusanelli*, No. 21-cr-37, ECF No. 84 at 24, 27 (D.D.C. May 27, 2022).

7

held in Section I.A that Section 1512(c)(2) was "unambiguous": it "applies to all forms of corrupt obstruction of an official proceeding" other than the document destruction and evidence tampering already covered in Section 1512(c)(1). *Fischer*, 2023 WL 2817988, at *4. Thus, unlike the situation described in *Marks*—where more than five Justices agreed on a result, but no five Justices agreed on a rationale—here, a majority of the Court did agree on a rationale explaining the result: Section 1512(c)(2)'s unambiguous statutory text describing the *actus reus* of the offense.

In this respect, the *Fischer* lead opinion resembles those that have commanded a five-Justice majority in the Supreme Court, with one Justice writing a concurring opinion explaining his or her disagreement with aspects of the majority opinion but joining it anyway. *See, e.g.*, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352-53 (2011) (Thomas, J., concurring); *Arizona v. Gant*, 556 U.S. 332, 354 (2009) (Scalia, J., concurring); *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 408 (2002) (O'Connor, J, concurring). In such a case, the majority opinion controls and *Marks* has no applicability. *See* Richard M. Re, *Beyond the Marks Rule*, 132 Harv. L. Rev. 1942, 2001-02 nn.311, 322 (2019) (noting that

8

appellate courts have never applied the *Marks* rule to *Concepcion* and *Gant*). Here, Judge Walker joined the portion of the lead opinion holding that Section 1512(c)(2) encompasses all forms of obstructive conduct. That is *Fischer*'s clear holding. The fact that Judge Walker's understanding of the statute's *mens rea* requirement informed his decision to join the majority opinion does not make that understanding a holding of the court. *Cf. King v. Palmer*, 950 F.2d 771, 784 (D.C. Cir. 1991) (en banc) (observing that "the result is binding even when the Court fails to agree on reasoning") (citing *National Mut. Ins. Co. v. Tidewater Transfer Co.,* 337 U.S. 582, 655 (1949) (Frankfurter, J., dissenting)).

*Second*, as both the lead opinion and the concurrence in *Fischer* recognized, the D.C. Circuit has never applied *Marks* to its own cases. *See Fischer*, 2023 WL 2817988, at *8 n.5 (opinion of Pan, J.); *id.* at *27 n.10 (Walker, J., concurring). Indeed, "only one federal appellate court has done so." *Id.* at *8 n.5 (opinion of Pan, J.) (citing *Binderup v. U.S. Att'y Gen.*, 836 F.3d 336, 356 (3d Cir. 2016) (en banc)). Insofar as this Court "needs *some* rule to decide the holding" of *Fischer*, 2023 WL 2817988, at *27 n.10 (Walker, J., concurring), that rule is apparent: it

9

should follow the parts of the opinion agreed upon by a majority of the panel, namely, that Section 1512(c)(2)'s plain text encompasses all forms of obstructive conduct.

Applying the concurrence's view of *Marks* to *Fischer* would be particularly "problematic." *King*, 950 F.2d at 782; *see Fischer*, 2023 WL 2817988, at *27 n.10 (Walker, J., concurring) (suggesting that his "reading of 'corruptly' may . . . be controlling" under *Marks*). As this Court has observed, when all the Justices but one "do not subscribe to a given approach to a legal question, it surely cannot be proper to endow that approach with controlling force, no matter how persuasive it may be." *Id.* So too here a single opinion that "lacks majority support," *id.*, because it decides a question the other members of the panel expressly declined to resolve should not become the law of the circuit.

*Third*, even were this Court to apply a *Marks* analysis to *Fischer*, it would not require the Court to adopt the concurrence's view of the meaning of "corruptly" in Section 1512(c)(2). In *King*, this Court sitting *en banc* held that "*Marks* is workable—one opinion can be meaningfully regarded as 'narrower' than another—only when one opinion is a logical subset of other, broader opinions. In essence, the narrowest opinion must

10

represent a common denominator of the Court's reasoning; it must embody a position implicitly approved by at least five Justices who support the judgment." 950 F.2d at 781; *see generally Beyond the Marks Rule, supra*, at 1994-95 (noting that the D.C. Circuit has adopted a narrower reading of *Marks* than other courts of appeals); *see also United States v. Duvall*, 740 F.3d 604, 618 (D.C. Cir. 2013) (Williams, J., concurring in denial of rehearing en banc). But the concurrence's reading of "corruptly" does not "embody a position implicitly approved by at least [two judges] who support the judgment"; to the contrary, a "majority of the panel . . . expressly declined to endorse the concurrence's definition of 'corruptly.'" *Fischer*, 2023 WL 2817988, at *8 n.5 (opinion of Pan, J.).

Moreover, the concurrence's definition was "not one with which [the lead] opinion 'must *necessarily agree as a logical consequence* of its own, broader position' because [the lead] opinion t[ook] no position on the exact meaning of 'corruptly.'" *Id.* (quoting *King*, 950 F.2d at 782). To be sure, Judge Walker contended that his opinion was "narrower" than the lead opinion because he "read[s] [Section 1512](c)(2) to cover only *some* of the conceivable defendants the lead opinion might allow a court to convict," *id.* at *27 n.10 (Walker, J., concurring). But that contention proceeds

11

from the mistaken premise that the lead opinion adopted "all th[e] formulations" of "corruptly" that it considered, *id.*, when in fact it declined to adopt a specific definition. Rather, the lead opinion resolved only the narrow question of whether an indictment grounded upon the defendants' assaultive conduct properly stated a violation of Section 1512. The Court had no need to delineate the world of "conceivable defendants" that could be convicted under the statute. *Id.* at *7-*8 (opinion of Pan, J.). Nor did the Court have any need to resolve the meaning of the term "corruptly" at the motion-to-dismiss stage. The indictments in *Fischer* all alleged that the defendants acted "corruptly," as the statute requires, and any dispute about the meaning of that term could have no bearing on the sufficiency of the indictment for purposes of a motion to dismiss. *See United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018) (indictment "echo[ing] the operative statutory text while also specifying the time and place of the offense" fairly informs a defendant of the charge against him).

With respect to the interpretation of the term "corruptly" in Section 1512(c)(2), therefore, *Fischer* contains "no governing rule," *King*, 950 F.2d at 782, and no "'narrowest' opinion . . . to resolve all future cases,"

12

*Duvall*, 740 F.3d at 611 (Kavanaugh, J., concurring in denial of rehearing en banc). The concurrence's definition of "corruptly" in *Fischer* does not bind future panels but is instead entitled to whatever "persuasive authority" it may possess. *Duvall*, 740 F.3d at 605 (Rogers, J., concurring in denial of rehearing en banc). And for the reasons given in the government's answering brief in this case, *see* Gov. Br. 35-39, the Court should conclude that the concurrence's interpretation is sufficient, but not necessary, to prove that a defendant acted corruptly for purposes of Section 1512(c)(2).

## CONCLUSION

The Court should affirm the judgment of the district court.

Respectfully submitted,

MATTHEW M. GRAVES
   United States Attorney
   District of Columbia

DENISE CHEUNG
CHRISELLEN R. KOLB
   Assistant U.S. Attorneys

KENNETH A. POLITE
   Assistant Attorney General

LISA H. MILLER
   Deputy Assistant Attorney General

/S/ JAMES I. PEARCE
   Special Assistant U.S. Attorney
   601 D Street, NW
   Washington, DC 20530
   (202) 532-4991
   James.Pearce@usdoj.gov

April 18, 2023

## CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d), the undersigned counsel of record certifies that the foregoing Brief for the United States was this day served upon counsel for appellant, by notice of electronic filing with the District of Columbia Circuit CM/ECF system.

DATED: APRIL 18, 2023

>  /s/ James I. Pearce
>  JAMES I. PEARCE
>  Special Assistant U.S. Attorney,
>  601 D Street, NW
>  Washington, DC 20530
>  (202) 532-4991
>  James.Pearce@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations in this Court's briefing order issued on April 12, 2023, because it contains 2,600 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Century 14-point font in text and Century 14-point font in footnotes.

3. This brief complies with the privacy redaction requirement of Fed R. App. 25(a)(5) because it contains no personal data identifiers.

4. The digital version electronically filed with the Court on this day is an exact copy of the written document to be sent to the Clerk; and

5. This brief has been scanned for viruses with the most recent version of McAfee Endpoint Security, version 10.7, which is continuously updated, and according to that program is free of viruses.

DATED: APRIL 18, 2023

/s/ James I. Pearce
JAMES I. PEARCE