UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) Case No. 1:22-cr-40-JEB |
| v. | )<br>)<br>) |
| SANDRA WEYER, | )<br>) |
| Defendant. | )<br>) |

**WEYER'S RESPONSE TO THE GOVERNMENT'S NOTICE CONCERNING *U.S. v. FISCHER***

The government has filed a notice regarding *U.S. v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023). ECF No. 49. It argues that the Court "is not bound by the concurring opinion's definition of the *mens rea* requirement in Section 1512(c)" *Id.* The government is factually and legally mistaken. And even if Judge Walker's concurring opinion is not *Fischer*'s holding, the Court should follow its persuasive reasoning in defining Section 1512(c)(2)'s "corruptly" element.

The government represents that the parties in *Fischer* did not squarely address the "corruptly" element and thus argues that the court of appeals "did not have the benefits of the normal litigation process." ECF No. 49, p. 2. Therefore, it adds, treating Judge Walker's concurrence as binding would be "in tension with the party-presentation principle. . ." *Id.* The government has repeated this factual representation in a number of district court matters. *E.g.*, *U.S. v. Nordean*, 21-cr-175-TJK, ECF Nos. 750, 751. It is demonstrably untrue.

For a start, the meaning of "corruptly" was squarely presented in *Fischer* because, among other reasons, the government's opening brief itself injected the issue into the appeal. Here is a screenshot of the "corruptly" section of the government's brief:

1

> **B. Section 1512(c)(2)'s *mens rea* and nexus requirements limit the statute's reach.**
>
> Although Section 1512(c)(2) applies to any conduct that "obstructs, influences, or impedes," a felony obstruction offense does not exist unless the defendant acts "corruptly" and targets his conduct at a specific "official proceeding." These two requirements—which require the government to prove a stringent *mens rea* and a nexus to an official proceeding—limit Section 1512(c)(2)'s reach. *Cf. United States v. Jeter*, 775 F.2d 670, 675 (6th Cir. 1985) (Section 1503(a) "contains a clear *mens rea* requirement that limits its scope to those who 'corruptly' or *intentionally* seek to obstruct"). These requirements thus ensure the appropriate "restraint" on Section 1512(c)(2)'s scope that the district court sought to impose through its atextual limiting construction. *See Marinello*, 138 S. Ct. at 1109 (internal quotation marks omitted) (finding that the required nexus to a particular administrative proceeding limited

*United States v. Fischer*, Case #22-3038 (D.C. Cir. 2022), Doc. #1958170.

Indeed, the "corruptly" section of the government's opening brief in *Fischer* ran for approximately 10 pages. *Id.* The thrust of the government's appellate argument was that the district court's vagueness concerns were overdone precisely because the government's definition of "corruptly" provided guardrails. *Id.*

In turn, the *Fischer* appellees extensively briefed the "corruptly" element. Here is a snapshot of their brief:

> **3. The "corruptly" and "nexus" elements cannot salvage the government's interpretation**
>
> Implicitly conceding that its interpretation of Section 1512(c)(2) is overbroad, the government urges that the statute's "corruptly" and "nexus" requirements sufficiently "limit its reach." Appellant's Br. at 48-54. But its incorrect definition of "corruptly" performs no limiting
>
> 32
>
> ---
>
> USCA Case #22-3038   Document #1963748   Filed: 09/14/2022   Page 45 of 72
>
> function and the nexus requirement is not relevant to this interpretive dispute.
>
> To act "corruptly," the government contends, is to act with any "wrongful purpose." Appellant's Br. at 49. The government omits that the meaning of the obstruction-of-justice term "corruptly" is context-dependent. While equating "corruptly" with acting with any "wrongful

*United States v. Fischer*, Case #22-3038 (D.C. Cir. 2022), Doc. #1963748.

Appellees *also* briefed the "corruptly" element over many pages. *Id.* In fact, Appellees advocated for the definition of "corruptly" that Judge Walker settled on. *Id.* at 35 ("a proper definition of that element requires proof that the defendant acted with the intent to obtain an unlawful benefit for himself or an associate."). A constant argument of the Appellees' brief was that words in Section 1512(c)(2) cannot be read in isolation and that every word and phrase in the statute must be given meaning, including "corruptly." *Id.* at 18-22. The suggestion that every statutory word requires a separate appeal even when they are found in the same short phrase

("corruptly" is in next month's case and then "official proceeding" a few months after that) is nonsense.[1]

But the government's representation is more misleading than that. The government admitted in *Fischer* that the Appellees had raised the "corruptly" argument in the trial court. *Fischer*, 64 F.4th at 352 n. 1 (Walker, J., concurring in part). During oral argument in *Fischer*, the parties argued the meaning of "corruptly" for "around 15 minutes." *Id.* Perhaps most egregious, the government specifically asked the court of appeals in *Fischer* to construe "corruptly"—a fact directly contrary to the government's representations in this case. *Id.* ("At argument, the Government asked us to 'construe' 'corruptly' 'consistent with [its] plain language.'"). In fact, counsel recalls a moment in oral argument when Judge Walker pointedly asked the government's lawyer whether the government would prefer to have the court construe "corruptly" if it meant the government might otherwise lose the appeal—and the government responded affirmatively.

Finally, as Judge Walker observed, the court of appeals benefitted from many district court decisions on the "corruptly" issue. *Fischer*, 64 F.4th at 352 n. 1 (Walker, J., concurring in part) (citing *United States v. Sandlin*, 575 F. Supp. 3d 16, 29-34 (D.D.C. 2021) (Friedrich, J.); *United States v. Montgomery*, 578 F. Supp. 3d 54, 80-85 (D.D.C. 2021) (Moss, J.) (finding appropriate the definition of "corruptly" adopted by Judge Walker)).

In any case, even if Judge Walker's opinion is not binding under the rule of *Marks v. United States*, 430 U.S. 188 (1977)—the judge explains why it is, *Fischer*, 64 F.4th at 362 n. 10—its reasoning is persuasive. The government does not explain where Judge Walker has

---

[1] Judge Pan's lead opinion noted that the court would take up the "corruptly" definition in a later case, *U.S. v. Robertson*, No. 22-3062. *Fischer*, 64 F.4th at 341. Judge Pan was also on the *Robertson* panel; Judges Walker and Katsas were not.

erred. Ignoring the concurring opinion would overlook that two of the panel's members concluded that the government's construction of Section 1512(c)(2) in the January 6 cases featured a "'breathtaking' and untenable scope." *Fischer*, 64 F.4th at 381 (Katsas, J., dissenting) (quoting concurring opinion of Walker, J.). The government says it must only prove that a defendant "had the requisite intent and a consciousness of wrongdoing." ECF No. 49, p. 3. But "requisite intent" begs the question and does not resolve the "untenable scope" problem identified by both Judges Walker and Katsas. The government's definition simply transforms every Class B parading misdemeanor (or Class A restricted area misdemeanor) into a 20-year felony offense; it does not elucidate any comprehensible line between the offenses that would satisfy due process concerns, including vagueness.

Finally, the government represents that "every court involved in the January 6 litigation, aside from Judge Nichols, has promulgated jury instructions" consistent with the government's "requisite intent and consciousness of wrongdoing" formulation. ECF No. 49, p. 3. That is wrong. *E.g.*, *United States v. Worrell*, 21-cr-292-RCL (D.D.C. 2021), Oral Verdict, ECF No. 245 (applying in January 6 case the definition of "corruptly" outlined in Judge Walker's *Fischer* concurrence).

Dated: June 5, 2023                                         Respectfully submitted,

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Sandra Weyer*

5

**Certificate of Service**

I hereby certify that on the 5th day of June, 2023, I filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): Counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com