UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
|  | ) Case No. 1:21-cr-40-JEB |
| v. | ) |
|  | ) |
| SANDRA WEYER, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**WEYER'S RESPONSE TO THE GOVERNMENT'S SENTENCING SUBMISSION**

The government has filed a sentencing submission arguing that Weyer's offense level under the Guidelines should be enhanced as a result of the collective actions of protesters on January 6, even if Weyer is not responsible for those actions under a recognized theory of liability. ECF 61. It makes this argument at a number of stages in Weyer's offense level calculation. For example, the government argues that the Court should find that U.S.S.G. §2J1.2(b)(2) applies here because "the mob" caused substantial interference with the administration of justice and Weyer may be held responsible for the mob's actions. ECF 61, p. 12. Similarly, it argues that the new U.S.S.G. §4C1.1 does not apply here because, although Weyer did not engage in or threaten violence, "the mob" did. *Id.*, p. 14.

Weyer contends that, in every case, the proper Guidelines analysis focuses on the defendant's conduct or conduct that satisfies the definition of relevant conduct under U.S.S.G. §1B1.3. But if the Court is inclined to accept the government's arguments, Weyer requests that the Court apply U.S.S.G. §3B1.2—Mitigating Role. If the government's arguments are accepted, the Court will be finding that the mob participated in a collective offense. In that case, the multiple-participant requirement of the mitigating role guideline is satisfied. §3B1.2 cmt. n.

1

2. Here, Weyer's role was minimal, as the government's submission in some ways acknowledges. ECF 61, p. 12 ("While Weyer alone could not have created the same degree of chase (sic) and disruption, a mob cannot exist without its individual members."). Accordingly, the Court should reduce her offense level by four levels. §3B1.2(a). But even if Weyer's role was not "minimal," it certainly fell between "minimal" and "minor," in which case the Court should decrease her offense level by three levels. §3B1.2(b).

Dated: September 13, 2023            Respectfully submitted,

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Sandra Weyer*

**Certificate of Service**

I hereby certify that on the 13th day of September 2023, I filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): Counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com