UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SANDRA WEYER,<br><br>Defendant. | Criminal Action No. 22-40 (JEB) |

**MEMORANDUM OPINION**

On June 6, 2023, following a two-day bench trial, Defendant Sandra Weyer was convicted of the felony of Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count I), as well as four misdemeanors: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count II); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count III); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count IV); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count V). All arose from her conduct at the United States Capitol on January 6, 2021. This Court sentenced Weyer last September to 14 months of incarceration on the felony, 12 months on Counts II and III, and 6 months on Counts IV and IV, all to run concurrently. Weyer filed a notice of appeal on September 28, and she started serving her sentence on November 15.

On December 31, two weeks after the Supreme Court granted certiorari in Fischer v. United States, Defendant filed the instant Motion for Release Pending Appeal. She argues that the grant of certiorari raises a "substantial question" about the validity of her § 1512(c)(2)

1

conviction and asks the Court to release her from prison because resolution of the issue in her favor would likely result in a reduced sentence that is less than the amount of time she has already served. Finding that Weyer has satisfied all the criteria for release pending appeal, the Court will grant the Motion.

**I.      Legal Standard**

Under 18 U.S.C. § 3143(b)(1), a court shall "order the release" of an individual pending appeal if it finds "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released"; and "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in — (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." Defendant bears the burden of satisfying both § 3143(b)(1)(A) and § 3143(b)(1)(B). See United States v. Perholtz, 836 F.2d 554, 555–56 (D.C. Cir. 1987) (recognizing a "required showing on the part of the defendant"); United States v. Libby, 498 F. Supp. 2d 1, 3 (D.D.C. 2007); United States v. Bledsoe, 2024 WL 341159, at *3 (D.D.C. Jan. 30, 2024).

**II.     Analysis**

  A.  Flight Risk or Danger

The Court finds by clear and convincing evidence that Defendant is not likely to flee and would not pose a danger if released. Weyer complied with all pretrial release conditions for a period of over two years. She has strong community ties and no prior adult criminal history. See ECF No. 55 (Def. Sentencing Memo) at 2–3; ECF No. 56 (Presentence Investigation Report) at 12. There is no indication of recent violence or other incidents that would disturb these findings.

While it sought no pre-trial detention and raised no objection to Weyer's release pending sentencing, the Government now cautions the Court that she may be more likely to flee given her experience with confinement. See ECF No. 69 (Gov't Opp.) at 5. It further warns the Court that, with another potentially controversial presidential election around the corner, Defendant would be released into "the same political maelstrom that led her to commit her crimes in the first place." Id. The Court is unpersuaded that she would engage in such behavior again. In addition, as Judge John Bates of our district recently explained, Defendant "is not facing a lengthy sentence from which [she] might be highly motivated to flee," and the fact that she has now served over three months in prison may actually make her "more likely to comply with conditions on release." United States v. Sheppard, 2024 WL 127016, at *2 (D.D.C. Jan. 11, 2024); see also Bledsoe, 2024 WL 341159, at *3 (rejecting similar argument by Government partly because Defendant "complied with the conditions of release pending trial and sentencing"); United States v. Adams, 2024 WL 111802, at *1 (D.D.C. Jan. 10, 2024) (similar). The Court therefore finds that § 3143(b)(1)(A) is satisfied.

B. Substantial Question of Law

Section 3143(b)(1)(B) raises more nuanced issues. It is widely recognized that the provision requires a two-part inquiry: "(1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to reversal?" Perholtz, 836 F.2d at 555. A substantial question for purpose of § 3143(b) is "a close question or one that very well could be decided the other way," as opposed to one that is "fairly debatable" or "fairly doubtful." Id. at 555–56 (citations omitted).

It is clear that in light of the Supreme Court's grant of certiorari in Fischer, Defendant's appeal of her conviction raises a substantial question and is not for the purpose of delay. The

3

question presented in Fischer is whether § 1512(c)(2), which prohibits obstruction of official proceedings, "include[s] acts unrelated to investigations and evidence." Pet. for Writ of Certiorari at i, Fischer v. United States, No. 23-5572 (U.S. Sept. 11, 2023). Like the defendant in Fischer and those in many other January 6 cases, Weyer was convicted under § 1512(c)(2) "based on evidence that [she] obstructed Congress's electoral vote certification by rioting in the United States Capitol." Sheppard, 2024 WL 127016, at *3. The question that the Supreme Court will resolve in Fischer thus "cuts to the core of [Weyer's] conviction — whether [her] conduct in the Capitol is prohibited by § 1512(c)(2)," id., and its decision to grant certiorari "means at a minimum, that this case poses a close question." Adams, 2024 WL 111802, at *2 (quotation marks omitted); see also Bledsose, 2024 WL 341159, at *4 (noting that Fischer's fractured appellate decisionmaking "strongly suggests a 'close question' that is far from frivolous"). The Court therefore joins others in this district and finds that Defendant's appeal raises a substantial question. See Adams, 2024 WL 111802, at *2; Sheppard, 2024 WL 127016, at *3; Bledsose, 2024 WL 341159, at *4.

    C.  Likely Reduced Sentence

Even if the Supreme Court's decision were to result in the reversal of Weyer's § 1512 conviction, asserts the Government, she does not show that this would likely lead to a reduced sentence that would expire before her appeal concludes. See Gov't Opp. at 6. It submits that the remedy for Weyer is not immediate release since "the statute directs the Court to order the defendant release[d] only once she has served the amount of time she is likely to serve upon resentencing, not immediately." Id. (citing 18 U.S.C. § 3143(b)(1)(B)). Since Weyer was also convicted of four misdemeanor offenses, the Government argues, this Court should resentence her, following any reversal and remand, to 12 months in prison, as her conduct on January 6

justifies such a sentence. Id. at 7. In such an event, Weyer's sentence would not expire by the time the Supreme Court decides Fischer — *i.e.*, by the aspirational end of its term in June 2024 — and she is thus not eligible for release pending appeal under § 3143(b)(1)(B). See id. at 9.

Once again, the Government's position does not convince the Court. Assuming the resolution of the question in Fischer is in Weyer's favor, the Court would likely not sentence her to much more than the time she has already served. Her 14-month sentence was driven by her § 1512(c) felony conviction, which carries a base offense level of 14 under the U.S. Sentencing Guidelines. See ECF No. 68 (Pl. Mot. for Release Pending Appeal) at 2; U.S.S.G. § 2J1.2 (Obstruction of Justice). The 12-month and 6-month sentences imposed on the remaining misdemeanor counts were in turn influenced by the Sentencing Guidelines' rule that the Court impose the total punishment on each count of conviction to the extent allowable by statutory maxima. See Pl. Mot. For Release Pending Appeal at 8; U.S.S.G. § 5G1.2(b).

Without the § 1512(c) conviction, the Court would group Defendant's § 1752(a) counts and apply Sentencing Guideline § 2A2.4 (Obstructing or Impeding Officers) with a base offense level of 10. It would give Weyer credit for satisfying the criteria for a two-level Zero Point Offender downward adjustment. See U.S.S.G. § 4C1.1. Taken together, an offense level of 8 with a criminal-history category of I would result in a guideline range of 0–6 months in Zone A. See U.S.S.G. § 5A. The sentence that the Court would impose on the petty offenses in Counts IV and V would then likely run concurrently with the § 1752(a) counts. See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."). Only an unlikely upward variance would yield a sentence greater than six months.

Given that Defendant has already served over three months in prison, she would be

unlikely to receive more if her § 1512(c) conviction were reversed. Defendant's release pending appeal is thus warranted under § 3143(b)(1).

## III. Conclusion

For the foregoing reasons, Defendant's Motion for Release Pending Appeal will be granted. A separate Order consistent with this Opinion will be issued this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  February 27, 2024