UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA   : | |
| : | |
| : | Case No: 22-cr-00040(JEB) |
| v.   : | |
| : | |
| SANDRA S. WEYER   : | |
| Defendant.   : | |

**JOINT STATUS REPORT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Sandra S. Weyer, with the concurrence of her attorney, Nicholas D. Smith, Esq., submit the following Joint Status Report and request a sentencing hearing:

1. On September 14, 2023, following a bench trial, the Court sentenced defendant Weyer to 14 months' incarceration on a conviction under 18 U.S.C. § 1512(c)(2); 12 months on convictions under 18 U.S.C. §§ 1752(a)(1), (a)(2); and 6 months on convictions under 40 U.S.C. §§ 5104(e)(2)(D), (e)(2)(G), all to run concurrently. Weyer surrendered to the BOP on November 15, 2023.

2. On February 27, 2024, the Court granted defendant Weyer's Motion for Release Pending Appeal, pursuant to 18 U.S.C. § 3143. Order, ECF No. 71; Mem. Op., ECF No. 72. At that point, Weyer had served over three months' incarceration at FDC Philadelphia. Mem. Op., ECF No. 72, p. 1. The Court determined that Weyer raised a substantial question of law likely to result in "'a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.'" *Id.* (quoting § 3143(b)(1)(B)).

3. On September 9, 2024, the D.C. Circuit issued an Order directing vacatur of defendant Weyer's sole felony conviction under § 1512(c)(2) and remanding the case for further proceedings, pursuant to the parties' joint motion for that relief.

4. That same day, this Court ordered the parties to file a joint status report. *See* Minute Order 9/9/24.

5. The United States does not intend to retry defendant Weyer on Count One (18 U.S.C. § 1512(c)(2) and 2: Obstruction of an Official Proceeding and Aiding and Abetting). The United States and counsel for defendant Weyer respectfully submit that resentencing would be appropriate on remand.

6. Counsel for defendant Weyer intends to request that her sentence be reduced to time served on the remaining misdemeanors, which she believes is the legal implication of granting her release motion on February 27, 2024 as opposed to a later effective date. Thus, Weyer does not believe that additional briefing is necessary.

7. The United States respectfully requests this Court to: (1) direct Probation to issue an amended PSR with an adjusted Sentencing Guidelines calculation; (2) set a briefing schedule for the parties to submit any supplemental sentencing memorandum, if at all; and (3) scheduled the defendant to be resentenced.

Respectfully submitted,

FOR THE DEFENDANT

/s/ Nicholas D. Smith
Nicholas D. Smith, Esq.
Attorney for Defendant

FOR THE UNITED STATES
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Sarah C. Santiago
Sarah C. Santiago
Victoria A. Sheets
Assistant United States Attorneys